**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 2 2003**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

DAVID A. WILLIAMS,

     Plaintiff - Appellant,

vs.

STATE OF KANSAS; CHARLES E.
SIMMONS, Warden, El Dorado
Correctional Facility; WILLIAM L.
CUMMINGS, Director, El Dorado
Correctional Facility,

     Defendants - Appellees.

No. 03-3170
(D.C. No. 02-CV-3369-GTV)
(D. Kan.)

---

ORDER AND JUDGMENT[*]

---

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.[**]

Mr. Williams, an inmate appearing pro se, appeals from the district court's

order dismissing his civil rights complaint pursuant to 42 U.S.C. § 1983. Mr.

Williams sought damages against the State of Kansas and various prison officials

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

contending that the Kansas Supreme Court did not correctly apply the law. The district court first dismissed the action without prejudice for procedural noncompliance. Mr. Williams filed a notice of appeal. Thereafter, the district court granted Mr. Williams' motion to alter or amend the judgment upon finding that Mr. Williams indeed had complied. R. Doc. 10 at 1-2. Accordingly, the district court vacated its earlier order and judgment, dismissed Defendant Simmons, and held that any damage claims against the Kansas Supreme Court would be barred by absolute judicial immunity. R. Doc. 10 at 4; Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). The district court dismissed the action with prejudice.

Mr. Williams did not file another notice of appeal (or an amended notice of appeal) from the district court's order and judgment acting upon his motion to alter or amend the judgment. See Fed. R. App. P. 4(a)(4)(B)(ii). However, in these circumstances we construe Mr. Williams' request for appointment of counsel, R. Doc. 14, as the functional equivalent of an amended notice of appeal because it provides some notice of his desire to appeal the district court's order on his motion to alter or amend judgment. See Smith v. Barry, 502 U.S. 244, 248-49 (1992).

Although Mr. Williams argues the merits of his case on appeal, this action is barred for other reasons. The State of Kansas is not considered a "person" and

is therefore not a proper § 1983 defendant.  Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989).  Moreover, Mr. Williams fails to allege facts establishing Simmons and Cummings personally caused a constitutional violation.  "Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation."  Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir. 1997); see also Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996) ("[P]ersonal participation is an essential allegation in a § 1983 claim.").

Additionally, to the extent that Mr. Williams is attempting to assert claims for damages against the individual defendants in their individual capacities, this action would be premature given Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), which requires that Mr. Williams first demonstrate that his conviction or sentence has been reversed or otherwise declared invalid.  To the extent the complaint really lies against the justices of the Kansas Supreme Court (as interpreted by the district court), it is barred by absolute judicial immunity.

AFFIRMED.  Mr. Williams is reminded that he must continue to make partial payments of the appellate filing fee until the entire balance is paid.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge